**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos OREGON–MENDOZA,**
**Defendant–Appellant.**

**Nos. 15–50455**
**15–50456**

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

FILED SEPTEMBER 29, 2017

David P. Finn, Helen H. Hong, Nicole Ries Fox, Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee.

Ellis M. Johnston, III, Esquire, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Carlos Oregon–Mendoza appeals his bench-trial conviction and the 64–month sentence imposed for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326, and the 24–month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Oregon–Mendoza contends that his prior conviction for assault with a deadly weapon under California Penal Code § 245(a)(1) is not a "crime of violence" for purposes of 18 U.S.C. § 16(a) or U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014). He argues that, therefore, the district court erred by denying his motion to dismiss under 8 U.S.C. § 1326(d) and by applying a 16–level enhancement to his offense level. This argument is foreclosed. *See United States v. Grajeda*, 581 F.3d 1186, 1190–91, 1197 (9th Cir. 2009) (violation of section 245(a)(1) "is categorically a crime of violence"). Contrary to Oregon–Mendoza's contention, our decision in *Grajeda* is not "clearly irreconcilable" with *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Oregon–Mendoza next contends that the revocation sentence is substantively unreasonable. The sentence is not an abuse of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

discretion in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Oregon–Mendoza's breach of the court's trust. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Further, contrary to Oregon–Mendoza's contention, the record reflects that the district court relied on only proper sentencing factors. *See United States v. Miqbel*, 444 F.3d 1173, 1181–82 (9th Cir. 2006).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.